FILED

2012 MAY 25  AM II: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SKY GARY TRAMMELL,

                Plaintiff,

      v.

LINDA R. THOMAS,
WARDEN,

                Defendant.

Case No. CV 12-2045-UA (OP)

ORDER RE: DISMISSAL OF CIVIL RIGHTS COMPLAINT FOR FAILURE TO PROSECUTE

## I.

## PROCEEDINGS

On March 12, 2012, Sky Gary Trammell ("Plaintiff") lodged for filing a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. (ECF No. 1.) However, after reviewing the pleading, it was clear that Plaintiff was not seeking to correct, modify, or vacate a sentence. Rather, he was seeking strictly to challenge the conditions of his confinement. As a result, the Court construed the pleading as a Bivens[1] civil rights action. However, Plaintiff did not prepare the pleading on this Court's approved prisoner civil rights complaint form, did not pay the full filing fee of $350, and did not submit an *in forma pauperis* application in order to proceed without payment of the full filing fee. Accordingly, on March 14, 2012, the Court issued an Order to Show Cause

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

("OSC") why this matter should not be dismissed without prejudice.  Plaintiff was given until April 13, 2012, to resubmit his pleading on the Court's approved prisoner civil rights complaint form, and to either submit the required filing fee of $350 or submit an *in forma pauperis* application in order to proceed without payment of the full filing fee.  Plaintiff was admonished that the failure to properly respond to this order to show cause will result in a recommendation of dismissal of this action without prejudice.  To date, Plaintiff has not responded to the OSC, has not submitted the filing fee or an *in forma pauperis* application, and has not otherwise communicated with the Court.

For the reasons set forth below, the Court finds that dismissal of this action for failure to prosecute is warranted.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

The Ninth Circuit has cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action is warranted:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions."   Carey v. King, 856 F.2d 1439, 1440 (9th

2

Cir. 1988).

Here, Plaintiff has not responded to the OSC, has not submitted the filing fee or an *in forma pauperis* application, and has not otherwise communicated with the Court. Plaintiff's conduct indicates that he does not intend to litigate this action diligently. Thus, these facts weigh in favor of dismissal.

Next, a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to the OSC, by failing to submit the filing fee or an *in forma pauperis* application, Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to comply with the Court's order. Thus, the fourth factor weighs in favor of dismissal.

Finally, the Court attempted to avoid dismissal by advising Plaintiff that failure to respond to the OSC could lead to the dismissal of the action without prejudice. Plaintiff has not responded to the OSC, has not submitted the filing fee or an *in forma pauperis* application, and has not otherwise communicated with the Court. Thus, the fifth factor weighs in favor of dismissal.

Based on the foregoing, the Court finds that dismissal of the Complaint for failure to prosecute is warranted.

/ / /

/ / /

/ / /

# III.

## ORDER

IT IS THEREFORE ORDERED that the Complaint is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: _____May 24_____, 2012

HONORABLE AUDREY B. COLLINS
Chief United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

4